OPINION
{¶ 1} Defendant-appellant, Jason D. Wheat, was indicted on June 11, 2004, for two counts of aggravated robbery, two counts of robbery as a second-degree felony, two counts of robbery as a third-degree felony, one count of felonious assault and two counts of kidnapping, all with firearm specifications, and carrying a concealed weapon. After a jury trial, appellant was convicted of aggravated robbery with a firearm specification, robbery with a firearm specification, and theft and kidnapping with a firearm specification. The jury returned a not guilty verdict as to the felonious assault and a nolle prosequi was entered as to the robbery counts in Counts 5 and 6.
 {¶ 2} Appellant was sentenced to four years of incarceration as to the aggravated robbery, which was to run consecutive to a three-year term of incarceration for the firearm specification. He was sentenced to three years of incarceration for one count of kidnapping, three years for the other count of kidnapping, and six months for Count 4 to run concurrently to the sentence for Count 1.
 {¶ 3} Appellant filed a notice of appeal and raises the following assignments of error:
I. THE COURT COMMITTED ERROR BY FAILING TO GRANT DEFENDANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL, BECAUSE THE ELEMENT OF THE INDICTMENT INDICATING THE CRIMES WERE COMMITTED IN FRANKLIN COUNTY WAS NOT PROVEN BEYOND A REASONABLE DOUBT AND/OR THE STATE FAILED TO PROVE PROPER VENUE.
II. THE DENIAL OF DEFENDANT'S RULE 29 MOTION WAS AGAINST THE SUBSTANTIAL WEIGHT OF THE EVIDENCE.
III. THE GUILTY FINDINGS BY THE JURY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} At the trial, one of the victims, Isaios Cano, testified as to the events in question. Cano stated that he is from Mexico and, on June 2, 2004, he lived at 4701 East Broad Street, in Whitehall, with his wife. He was returning from work when his neighbor, Luis Pineda, stopped him and invited him to have a beer. Pineda bought a 12-pack of Corona beer and they each opened one. Two men approached them, one pointed a gun at his head and told him to give him money. When Cano refused, the man hit him with the gun, which knocked him to the ground, and the man checked Cano's pockets and took $49. Cano testified that the second man looked through Pineda's pockets and took his wallet, which contained $180, and the beer, and they ran to a car. Cano chased them and then flagged down a police officer. Cano was only able to identify one of the men, appellant, because the man with the gun was wearing a sweatshirt over his face. Cano identified the sweatshirt as Exhibit D.
 {¶ 5} Several Whitehall police officers testified concerning the events that night. Officer Grinstead testified that he was on patrol when Cano flagged him down. He saw a white, four-door vehicle that he pursued. When backup patrol arrived, he stopped the vehicle approximately one-half mile from the initial location. The driver was Dominique Brown, the front-seat passenger was Wayne Goolsby, behind the driver in the backseat was appellant, and David Davis was in the backseat of the vehicle behind the front seat passenger. The victims were transported to the area of the stop and appellant was identified. The suspects were transported to the Whitehall Police Department where they were searched. Each suspect, besides Brown, had currency on them, appellant had $50. A black sweatshirt, Pineda's wallet, and ten Corona beers were found in the backseat of the vehicle, and a gun was found in the console.
 {¶ 6} Dominique Brown testified that she is appellant's cousin and she was dating David Davis at that time. She and Davis were at her house when appellant called and asked her to meet him at a gas station. Davis rode in the backseat but, when they arrived at the gas station, appellant and Goolsby were not there. Davis suggested they drive to some nearby apartments and, when she parked the car, he got out. When he returned, appellant and Goolsby were with him. They were whispering about what they planned to do with the weapon and the wallet. Brown believed the gun belonged to Goolsby. The police vehicle starting following them immediately.
 {¶ 7} Appellant testified that he lived next door to Brown and he heard Brown, Goolsby, and Davis in the hallway. They left to get something to eat but stopped at the apartment complex near Broad Street and Fairway because he wanted to visit two friends who lived in the apartment complex. His friends did not answer the door so he was returning to the car but found Davis in front of two men. Davis was standing over one of the men with a gun in his face, but appellant did not realize immediately what was happening. Davis pointed the gun at appellant and told him to grab the beer and they ran to the car. Appellant admitted he was present during part of the robbery and that he took the beer, but denied looking through anyone's pockets or taking the wallet.
 {¶ 8} By the first assignment of error, appellant contends that the trial court erred in failing to grant his Crim.R. 29 motion.
 {¶ 9} Crim.R. 29(A) provides, as follows:
* * * The court * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *
When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, a reviewing court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v.Thompson (1998), 127 Ohio App.3d 511, 525. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law."State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 10} Appellant argues that the prosecution failed to prove venue beyond a reasonable doubt because no witness testified that the offenses occurred in Franklin County, Ohio, as alleged in the indictment. The Ohio Constitution guarantees an accused a speedy trial by an impartial jury in the county in which the offense is alleged to have been committed. State v. Headley (1983),6 Ohio St.3d 475, 477. While venue is not an essential element of a charged offense, unless waived by the defendant, venue must be proven by the state beyond a reasonable doubt. Id. However, a defendant waives the right to challenge venue when the issue is raised for the first time on appeal. State v. Loucks (1971),28 Ohio App.2d 77, 78.
 {¶ 11} The record in this case is unclear whether appellant raised the issue in the trial court. Although no pages are missing from the transcript, it is clear that a record of some argument is missing. Appellant made a Crim.R. 29 motion, but the argument providing the basis for the motion is not part of the record. Appellant concedes in his brief that he did not specifically argue the insufficiency of proof of venue. In Statev. Martin, Franklin App. No. 02AP-33, 2002-Ohio-4769, this court analyzed proof of venue under a plain error standard since the failure to prove venue does affect a substantial right.
 {¶ 12} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Although the standard of proof is beyond a reasonable doubt, venue need not be proven in express terms as long as it is established by the facts and circumstances in the case. State v. Dumas (Feb. 18, 1999), Franklin App. No. 98AP-581, citing State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus.
 {¶ 13} In this case, evidence was introduced from which the court could find that the crime occurred in Franklin County, Ohio. The victim who testified stated that he lived at 4701 East Broad Street, in Whitehall, near the intersection of Broad Street and Fairway. Pineda lived near him, approximately one minute from his house, and the offense occurred on Pineda's porch. Three Whitehall police officers testified that the vehicle was stopped in Franklin County and the suspects were taken to the Whitehall police station and then to the Franklin County jail. Officer Grinstead testified that he stopped the vehicle approximately one-half mile east of the initial location. A county map would show the location to be in Franklin County. Our review of the record leads us to conclude that the state presented sufficient circumstantial evidence as to the location of the crime or venue to allow the case to be considered by the jury, and the trial court did not commit plain error in overruling appellant's Crim.R. 29 motion in relation to that issue. Appellant's first assignment of error is not well-taken.
 {¶ 14} By the second and third assignments of error, appellant contends that the denial of his Crim.R 29 motion was against the substantial weight of the evidence and the guilty findings by the jury were against the manifest weight of the evidence. Although worded differently in the assignment of error, appellant argues that the evidence was insufficient. As stated previously, the standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks.
 {¶ 15} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
* * * Weight of the evidence concerns "the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on itseffect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6th Ed. 1990)] at 1594). Thompkins, at 387.
 {¶ 16} Cano identified appellant as one of the two men involved on the night in question and during the trial in court. Cano testified that two men approached him and that the man with the gun was not acting alone. Cano testified that the second man, who he identified as appellant, looked through Pineda's pockets and took his wallet, which contained $180, and the beer. Pineda's wallet, the black sweatshirt, and the beer were found in the vehicle when it was stopped by the police officers. Brown testified that she and Davis drove to the apartments. When Davis returned to the car, appellant and Goolsby were with him and the three were whispering about what they planned to do with the weapon and the wallet. Appellant testified that he did not know a robbery was occurring until Davis pointed the gun at him and told him to take the beer. However, the existence of conflicting evidence does not render the evidence insufficient as a matter of law. State v. Murphy (2001), 91 Ohio St.3d 516, 543. Nor is a conviction against the manifest weight of the evidence solely because the jury heard inconsistent testimony. State v. Kendall
(June 29, 2001), Franklin App. No. 00AP-1098. The trier of fact makes determinations of credibility and the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, any rational trier of fact could have found the essential elements of aggravated robbery proven beyond a reasonable doubt and there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt.
 {¶ 17} Although not specifically raised in the assignments of error, in his brief to this court, appellant's argument contains a passing reference to the sentencing merger issue, although his argument focuses on whether appellant should have been convicted of kidnapping at all. Since appellee, State of Ohio, fully briefed the issue, we shall address it.
 {¶ 18} Immediately after the verdict, appellant raised the merger issue, as follows:
MR. TYACK: December 17th is fine, Your Honor.
Timing on motion for Multiple Count Statute, what we sometimes call merger in this situation and I would probably be —
THE COURT: I'm only going to sentence on the robbery, the kidnapping. I think they found him not guilty on the felonious assault, didn't they?
* * *
MS. MOORE: The robberies all merge.
The Court: Robbery and kidnapping is the only two I'm going to sentence on.
* * *
MR. TYACK: * * * I will do a Rule 29(C) motion, which is my history, and I'll bring up the Multiple Count Statute at the time of disposition.
(Tr. Vol. II, at 324-325.)
 {¶ 19} At the sentencing hearing, appellant's counsel raised the merger issue, as follows:
* * * The only other thing, briefly, the Court knows I filed a Rule 29(C) motion, judgment for acquittal, and would add that to the merger arguments I made at the time that the jury returned its verdict as to why, we would submit he could not be convicted of kidnapping under the circumstances other than that. So I'd ask the [C]ourt to rule on the motion and the merger issues. Other than that, it [the PSI] is thorough.
(Tr. Vol. III, at 2-3.)
 {¶ 20} After imposing the sentence, the trial court stated, as follows:
I will deal with the merger issue after I have had an opportunity. At this point in time, it's my belief that the kidnapping does not merge with the felonious assault and/or robbery. But let me just deal with the written motions when I have an opportunity to do so.
(Tr. Vol. III, at 6.) The trial court did not explicitly rule on the merger issue or the Crim.R. 29 motion.
 {¶ 21} Appellee argues that, since appellant did not make a contemporaneous objection, appellant waived the merger issue. SeeState v. Comen (1990), 50 Ohio St.3d 206, 211. However, even though appellant's counsel did not actually make an objection, he did raise the issue before the trial court.
 {¶ 22} R.C. 2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct which could violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. R.C. 2941.25 provides, as follows:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where this conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 23} In State v. Rance (1999), 85 Ohio St.3d 632, 638, the Supreme Court of Ohio clarified the R.C. 2941.25(A) analysis and determined that the statutorily defined elements of offenses are compared in the abstract to determine if they correspond to such a degree that the commission of one crime will result in the commission of the other crime. If the elements so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with a separate animus.
 {¶ 24} This court has already determined, under Rance, that aggravated robbery and kidnapping are not allied offenses of similar import. See State v. Savage, Franklin App. No. 02AP-202, 2002-Ohio-6837. However, in Savage, this court followed State v. Fears (1999), 86 Ohio St.3d 329, in which the Supreme Court of Ohio concluded that a kidnapping specification should have merged with an aggravated robbery specification in a capital case and noted, at 344:
In [State v. Jenkins (1984), 15 Ohio St.3d 164,] at 198, 15 OBR at 340, 473 N.E.2d 264 at 295, fn. 29, we stated that "implicit within every robbery (and aggravated robbery) is a kidnapping." Therefore, a kidnapping specification merges with an aggravated robbery specification unless the offenses were committed with a separate animus. R.C. 2941.25(B). Thus, when a kidnapping is committed during another crime, there exists no separate animus where the restraint or movement of the victim is merely incidental to the underlying crime. State v. Logan
(1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345, syllabus. However, where the restraint is prolonged, the confinement is secretive, or the movement is substantial, there exists a separate animus as to each offense. Id.
 {¶ 25} In Savage, this court determined that, under Fears
and Jenkins, the defendant's kidnapping and aggravated robbery convictions should have merged because the restraint or movement by the defendant was merely incidental to the underlying crime of aggravated robbery. See, also, State v. Jackson, Franklin App. No. 02AP-289, 2003-Ohio-37.
 {¶ 26} In this case, appellant admits that the victims were restrained while the robbery was committed. Cano testified that each man went through one of the victim's pockets to take money or Pineda's wallet. However, there was no prolonged restraint or secretive confinement or substantial movement. The restraint in this case was merely incidental to the aggravated robbery, and the kidnapping convictions were cumulative. The kidnapping convictions and the aggravated robbery convictions should have merged.[1] Appellant's second assignment of error is not well-taken and the third assignment of error is well-taken in part.
 {¶ 27} For the foregoing reasons, appellant's first and second assignments of error are overruled, the third assignment of error is sustained only to the extent that the trial court erred in impermissibly sentencing appellant on the kidnapping convictions and the aggravated robbery conviction. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and we remand the cause only for resentencing.
Judgment affirmed in part, reversed in part, and causeremanded for resentencing.
Travis, J., concurs.
Sadler, J., concurs separately.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although the sentences were ordered to run concurrently, we cannot say that there was no prejudice since appellant was found guilty and sentenced on all of the offenses.