[Cite as *State v. Montgomery*, 2014-Ohio-1789.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO. 12-13-11

      v.

ROBERT M. MONTGOMERY,          O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Putnam County Common Pleas Court
Trial Court No. 13-CR-24

Judgment Affirmed

Date of Decision: April 28, 2014


APPEARANCE:

    *Esteban R. Callejas* **for Appellant**

**PRESTON, J.**

{¶1} Defendant-appellant, Robert M. Montgomery, appeals the Putnam County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On May 13, 2013, the Putnam County Grand Jury indicted Montgomery on Count One of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony; Count Two of illegal manufacture of drugs in violation of R.C. 2925.04(A) & (C)(3), a second-degree felony; and, Count Three of possession of drugs in violation of R.C. 2925.11(A) & (C)(1)(a), a fifth-degree felony. (Doc. No. 1).

{¶3} On May 15, 2013, Montgomery entered pleas of not guilty to all three counts in the indictment. (*See* Doc. Nos. 5, 8, 11).

{¶4} On August 28, 2013, the trial court held a change-of-plea hearing wherein Montgomery withdrew his previously tendered plea of not guilty to Count One and entered a plea of guilty, whereupon the State agreed to dismiss Counts Two and Three of the indictment and to remain silent at sentencing. (Aug. 28, 2013 Tr. at 2). Montgomery signed a written plea agreement reflecting these terms. (Doc. No. 29). The trial court accepted Montgomery's plea, found him guilty of Count One, and ordered a pre-sentence investigation ("PSI") report. (Aug. 28, 2013 Tr. at 8-9). The trial court dismissed Counts Two and Three of the indictment. (*See* Nov. 19, 2013 Entry).

{¶5} On October 3, 2013, the trial court sentenced Montgomery to 30 months imprisonment. (Oct. 3, 2013 Tr. at 6). On October 9, 2013, the trial court filed its judgment entry of sentence. (Doc. No. 35).

{¶6} On October 16, 2013, Montgomery filed a notice of appeal. (Doc. No. 41). He raises three assignments of error on appeal. We elect to combine Montgomery's first and second assignments of error.

### Assignment of Error No. I

**The trial court erred when it accepted the guilty plea which was against the manifest weight of the evidence and sufficiency of the evidence.**

### Assignment of Error No. II

**The trial court erred when it accepted the guilty plea as that plea was not knowingly, intelligently, and voluntarily given.**

{¶7} In his first assignment of error, Montgomery argues that, during the Criminal Rule 11 colloquy, the State failed to present any evidence that the criminal actions occurred in Ottawa, Putnam County, Ohio.

{¶8} In his second assignment of error, Montgomery argues that he did not knowingly, intelligently, and voluntarily enter his guilty plea. Specifically, Montgomery argues that the trial court failed to inform him of all of his rights prior to accepting his plea. Montgomery also argues that the plea is invalid because the State failed to allege and prove venue.

{¶9} As an initial, procedural matter, we note that the State failed to file an appellee's brief. Under these circumstances, App.R. 18(C) provides that this Court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." After reviewing the record, we conclude that appellant's brief does not reasonably appear to sustain a reversal.

{¶10} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To that end, Crim.R. 11(C)(2), governing guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a
> plea of no contest, and shall not accept a plea of guilty or no contest
> without first addressing the defendant personally and doing all of the
> following:
>
> (a) Determining that the defendant is making the plea voluntarily,
> with understanding of the nature of the charges and of the maximum
> penalty involved, and if applicable, that the defendant is not eligible

for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights. *Veney* at ¶ 31. "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id.* A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b). *Id.* at ¶ 14-17.

{¶12} An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶13} Contrary to Montgomery's arguments on appeal, the trial court strictly complied with Crim.R. 11(C)(2)(c) at the change-of-plea hearing. (Aug. 28, 2013 Tr. at 5-6). Furthermore, the Crim.R. 11(C)(2)(c) notifications were also contained within the written plea agreement that Montgomery read and signed in open court. (*Id.* at 8); (Doc. No. 29). The trial court also substantially complied with the Crim.R. 11(C)(2)(a) and (b) notifications. (Aug. 28, 2013 Tr. at 2-6). During the colloquy, Montgomery indicated that he understood the nature of the charges against him and the rights he was waiving by pleading guilty. (*Id.* at *passim*). Consequently, we are not persuaded that the trial court erred by accepting Montgomery's guilty plea. Notably, Montgomery has also failed to argue—much less establish—prejudice in this case, i.e. that he would not have pled guilty but for the trial court's alleged errors. *Nero* at 108.

{¶14} Montgomery also argues that his guilty plea was invalid because the State failed to indicate, at the change-of-plea hearing, that Putnam County, Ohio was the proper venue. We summarily reject that argument. To begin, Montgomery has waived this issue by failing to raise it below. *State v. Wheat*, 10th Dist. Franklin No. 05AP-30, 2005-Ohio-6958, ¶ 10, citing *State v. Loucks*, 28 Ohio App.2d 77, 78 (4th Dist.1971); Crim.R. 12(C)(2). Aside from that, Montgomery admitted to venue when he pled guilty to Count One of the indictment, which specifically alleged that the criminal act occurred in Putnam County, Ohio. *United States v. Broce*, 488 U.S. 563, 569-570, 109 S.Ct. 757 (1989) (A guilty plea admits to committing the crime charged, as described in the indictment.). Proper venue was also provided in the bill of particulars. (Doc. No. 17). Quite simply, Montgomery's guilty plea precludes the venue argument on appeal. *State v. McCartney*, 55 Ohio App.3d 170 (9th Dist.1988), syllabus.

{¶15} For the aforementioned reasons, we overrule Montgomery's first and second assignments of error.

### Assignment of Error No. III

**The trial court erred when it failed to allow Appellant to exercise his right to make a statement before sentencing.**

{¶16} In his third assignment of error, Montgomery argues that the trial court erred by failing to permit him to make a statement before sentencing requiring a resentencing.

{¶**17**} Crim.R. 32(A)(1) provides that "[a]t the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." When a trial court imposes sentence "without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *State v. Campbell*, 90 Ohio St.3d 320 (2000), paragraph three of the syllabus. *See also State v. Reynolds*, 80 Ohio St.3d 670, 684 (1998).

{¶**18**} In this case, the trial court asked Montgomery if he wanted to make a statement, and Montgomery testified, "No, sir." (Oct. 3, 2013 Tr. at 4). Consequently, the trial court did not violate Montgomery's right of allocution in this case, despite his allegation on appeal.

{¶**19**} Montgomery's third assignment of error is, therefore, overruled.

{¶**20**} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and SHAW, J.J., concur.**

**/jlr**

-8-