[Cite as *State v. Short*, 2019-Ohio-3322.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  8-19-19

    v.

BRADLEY SCOTT SHORT,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17 10 0337

**Judgment Affirmed**

Date of Decision:    August 19, 2019

APPEARANCES:

    *Samantha L. Berkhofer* for Appellant

    *Alice Robinson-Bond* for Appellee

**ZIMMERMAN, P.J.**

{**¶1**} Defendant-appellant, Bradley Scott Short ("Short"), appeals the February 26, 2019 judgment entry of sentence of the Logan County Court of Common Pleas. We affirm.

{**¶2**} On October 10, 2017, the Logan County Grand Jury indicted Short on Count One of rape in violation of R.C. 2907.02(A)(2), a first-degree felony, and Count Two of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony. (Doc. No. 1). On January 16, 2018, Short appeared for arraignment and entered pleas of not guilty. (Doc. No. 15). On March 13, 2018, under a superseding indictment, the Logan County Grand Jury indicted Short on a sexually violent predator specification under R.C. 2941.148(A) as to Count One, with Count Two remaining unchanged. (Doc. No. 28). On March 16, 2018, Short appeared for arraignment and entered pleas of not guilty to the new indictment. (Doc. No. 52).

{**¶3**} On May 15, 2018, Short withdrew his pleas of not guilty and entered a guilty plea, under a written plea agreement, to an amended Count One. (Doc. No. 101). In exchange for his change of plea, the State agreed to amend Count One to attempted rape in violation of R.C. 2923.02, 2907.02(A)(2), a second-degree felony, and dismiss Count Two. (*Id.*). The trial court accepted Short's guilty plea and dismissed Count Two. (*Id.*). However, the trial court did not dispose of the sexually violent predator specification.

{¶4} Ultimately, the trial court sentenced Short to eight years in prison and classified Short as a Tier III sex offender. (Doc. Nos. 102, 103). Short appealed the trial court's judgment entry of sentence, and we dismissed Short's appeal after concluding that we did not have jurisdiction to hear the matter. (Doc. Nos. 109, 110, 111, 112, 113). On remand, the trial court filed its nun pro tunc judgment entry dismissing the sexually violent predator specification under R.C. 2941.148(A) as to Count One in the superseding indictment, and confirmed Short's sentence of eight years in prison and sex offender classification. (Doc. Nos. 123, 127).

{¶5} Short filed a notice of appeal on April 12, 2019, and raises two assignments of error for our review. (Doc. No. 129). For ease of discussion, we will discuss Short's assignments of error together.

### Assignment of Error No. I

**Whether the trial court abused its discretion by failing to accept defendants [sic] Alford Plea?**

### Assignment of Error No. II

**Whether the Trial Court abused its discretion when defendant's change of plea to Guilty following a denial of an Alford plea was knowingly, intelligently, and voluntarily made?**

{¶6} In his assignments of error, Short argues that his guilty plea was not knowing, intelligent, or voluntary. In particular, he contends that his guilty plea was not knowing, intelligent, or voluntary because the trial court erred by refusing to accept his *Alford* plea.

*Standard of Review*

**{¶7}** "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'"Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'" *State v. Montg*omery, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 10, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *Engle* at 527. Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides, in its pertinent parts:

> (2) In felony cases *the court may refuse to accept a plea of guilty* or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a)   Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b)   Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c)   Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable

doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

(Emphasis added.)  Crim.R. 11(C)(2).

{¶8} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights."  *Montgomery* at ¶ 11, citing *Veney* at ¶ 31. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'"  *Id.*, quoting *Veney* at ¶ 31.  "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)."  *Id.*, citing *Veney* at ¶ 14-17.

{¶9} An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived.  *Id.* at ¶ 12, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20.  "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'"  *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

*Analysis*

{¶10} In support of his argument that his guilty plea was not knowingly, intelligently, or voluntarily made, Short points to an exchange that occurred during

the change-of-plea hearing. Explicitly, Short points us to his failed attempt to enter an *Alford* plea as the basis for why his guilty plea was not made knowingly, intelligently, and voluntarily. In other words, Short is challenging the trial court's compliance with Crim.R. 11(C)(2).

*"Alford" pleas, generally*

> An "*Alford* plea" is a specialized type of guilty plea when the defendant, although pleading guilty, continues to deny his or her guilt but enters the guilty plea because the defendant believes that the offered sentence is better than what the outcome of a trial is likely to be.

*State v. Carey*, 3d Dist. Union No. 14-10-25, 2011-Ohio-1998, ¶ 6, citing *State v. Schmidt*, 3d Dist. Mercer No. 10-10-04, 2010-Ohio-4809, ¶ 13 and *State v. Piacella*, 27 Ohio St.2d 92 (1971).

> The term "*Alford* plea" originated with the United States Supreme Court's decision in *North Carolina v. Alford*, wherein the Supreme Court held that *guilty pleas linked with claims of innocence* may be accepted provided the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt."

(Emphasis added.) *Id*., quoting *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160 (1970). "Although an *Alford* plea allows a defendant to maintain his factual innocence, the plea has the same legal effect as a guilty plea." *Id*., citing *State v. Vogelsong*, 3d Dist. Hancock No. 5-06-60, 2007-Ohio-4935, ¶ 15.

{¶11} "All pleas, including an *Alford* plea, must meet the general requirement that the defendant knowingly, voluntarily, and intelligently waived his

-6-

or her right to trial." *Id.* at ¶ 7, citing *State v. Padgett*, 67 Ohio App.3d 332, 337-338

(2d Dist.1990), construing Crim.R. 11(C).

> Where the defendant *interjects protestations of innocence* into the plea proceedings, and *fails to recant those protestations of innocence*, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent. This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty.

(Emphasis added.) *Padgett* at 338-339.

{¶12} "A criminal defendant does not have an absolute right under the

United States Constitution to have his or her guilty plea accepted by the court."

*Carey* at ¶ 12 citing *Alford*, 400 U.S. at 38, n. 11.

> In *Alford*, the court did not determine that [] offenders have a constitutional right to enter a guilty plea and simultaneously maintain innocence; rather the opinion merely states that courts may, in certain circumstances, accept guilty pleas of defendants who maintain their innocence.

*Id.*, citing *In re Kirby*, 101 Ohio St.3d 312, 2004-Ohio-970, ¶ 13. The holding in

*Alford* "does not mean that a trial judge must accept every constitutionally valid

guilty plea merely because a defendant wishes so to plead." *Id.*, citing *Kirby* at ¶

17, quoting *Alford* at 38 n. 11.

*Short's change-of-plea hearing*

{¶13} At the change-of-plea hearing, Short informed the trial court that he intended to plead guilty under *North Carolina v. Alford*. After the trial court refused to accept Short's *Alford* plea, no further discussion regarding Short's purported *Alford* plea occurred during the hearing. Importantly, the record reveals that Short never made a protestation of his innocence in open court. *See State v. Jackson*, 3d Dist. Wyandot No. 9-99-50, 2000 WL 376424, *3-4 (Apr. 13, 2000) (Shaw, J., concurring in judgment only) (stating that it was unclear and undeterminable from the record whether Jackson's purported *Alford* plea contained a "'protestation of innocence that is the general hallmark of such a plea'"). *Compare Carey* at ¶ 5, 8 (concluding Carey's statements to the trial court "I'm going to plea to it, but I didn't—commit those acts. But I'm going to plea, Yes. I admit" constituted a denial of guilt); *State v. Swoveland*, 3d Dist. Van Wert No. 15-17-14, 2018-Ohio-2875, ¶ 15, 18 (concluding Swoveland's statement to the trial court "that he is 'really not guilty of what [he is] being accused of'" was a protestation of innocence)). *See also State v. Hayes*, 101 Ohio App.3d 73, 76 (3d Dist.1995) (concluding that an *Alford* plea "consists of a guilty plea linked with an on-the-record claim of innocence" and noting it would have been more clear that the defendant was entering an *Alford* plea if she "had interjected an indication to the court of some additional protestation of innocence") citing *Alford*, 400 U.S. at 38.

{¶14} Nevertheless, even if we assume without deciding that Short's oral request to enter an *Alford* plea alone constitutes a protestation of innocence, after the trial court refused to accept an *Alford* plea, Short conferred with his trial counsel who then informed the trial court that Short wanted to plead *guilty* to the amended charge. (May 15, 2018 Tr. at 9). (*See also* Doc. No. 101). *See Swoveland* at ¶ 18 (concluding that Swoveland did not enter an *Alford* plea because he recanted his protestation of innocence), citing *Carey* at ¶ 8 ("Carey made one, tenuous denial as to her participation in the events but, thereafter, she fully acknowledged her guilt."). Moreover, trial counsel did not object to or challenge the trial court's refusal to accept an *Alford* plea. Therefore, because Short withdrew his *Alford* plea request by informing the trial court that he would plead guilty to the amended charge, any argument that the trial court failed to accept Short's *Alford* plea is without merit.

*Trial Court's Crim.R. 11 colloquy*

{¶15} Because Short informed the trial court that he wanted to plead guilty, the trial court proceeded to conduct a comprehensive and detailed Crim.R. 11 colloquy during which Short acknowledged his guilt throughout the remainder of the proceeding. The record supports that trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) by informing Short of the nature of the charges, the maximum penalty, and that Short was ineligible probation or the imposition of community control sanctions. (May 15, 2018 Tr. at 12-17, 23-25). (Doc. No. 101).

*See State v. Balibid*, 2d Dist. Montgomery No. 25411, 2012-Ohio-1406, ¶ 10, citing Crim.R. 11(C)(2)(a); *State v. Byrd*, 178 Ohio App.3d 646, 2008-Ohio-5515, ¶ 30 (2d Dist.); *State v. Miller*, 2d Dist. Clark No. 08 CA 90, 2010-Ohio-4760, ¶ 12; and *State v. Howard*, 2d Dist. Champaign No. 06-CA-29, 2008-Ohio-419.

**{¶16}** The record further supports that the trial court also substantially complied with the requirements of Crim.R. 11(C)(2)(b). "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect." *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 7, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 12 and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 10-12. *See also* Crim.R. 11(B). "To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B)." *Id.* at ¶ 8, citing *Jones* at ¶ 25, 51. Specifically, under Crim.R. 11(B), the trial court was required to inform Short that "[t]he plea of guilty is a complete admission of [his] guilt." Crim.R. 11(B)(1). Here, the trial court informed Short that a guilty plea was "a complete admission of guilt" which Short acknowledged in open court. (May 15, 2018 Tr. at 21).

**{¶17}** Finally, the record supports that the trial court strictly complied with Crim.R. 11(C)(2)(c) during its colloquy with Short at the change-of-plea hearing.

(*Id.* at 23). *Compare Montgomery*, 2014-Ohio-1789, at ¶ 13 (concluding that "the trial court strictly complied with Crim.R. 11(C)(2)(c) at the change-of-plea hearing"). Short advised the trial court that he understood the rights that he was waiving by pleading guilty. (May 15, 2018 Tr. at 26-27). *See Montgomery* at ¶ 13. Accordingly, we are not persuaded that the trial court erred by accepting Short's guilty plea. *Montgomery* at ¶ 13. Stated another way, despite the trial court's rejection of entertaining an *Alford* plea, Short's guilty plea was rendered knowing, intelligent, and voluntary. Moreover, Short failed to establish prejudice in this case, i.e. that he would not have pled guilty but for the trial court's alleged errors. *Id.*, citing *Nero*, 56 Ohio St.3d at 108.

{¶18} Accordingly, we conclude that Short entered his guilty plea knowingly, intelligently, and voluntarily and his assignments of error are overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**