[Cite as *State v. Summit*, 2021-Ohio-4562.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 6-21-06

    v.

CATHERINE E. SUMMIT,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 2021 2007

Judgment Affirmed

Date of Decision: December 27, 2021

APPEARANCES:

    *Michael B. Kelley* for Appellant

    *Andrew R. Tudor* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Catherine E. Summit ("Summit"), appeals the May 21, 2021 judgment entry of sentence of the Hardin County Court of Common Pleas. We affirm.

{¶2} On January 14, 2021, the Hardin County Grand Jury indicted Summit on Count One of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), (B)(1), a third-degree felony, Count Two of vehicular assault in violation of R.C. 2903.08(A)(2)(b), (C)(2), a fourth-degree felony, Count Three of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), (B)(2)(a), a second-degree felony, and Count Four of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), (B)(3), a third-degree felony. (Doc. No. 1). On February 1, 2021, Summit appeared for arraignment and entered pleas of not guilty. (Doc. No. 11).

{¶3} On February 10, 2021, under a superseding indictment, the Hardin County Grand Jury indicted Summit on one additional count: Count Five of operating a motor vehicle while under the influence of alcohol or drugs of abuse ("OVI") in violation of R.C. 4511.19(A)(1)(j)(i), (G)(1)(a), a first-degree misdemeanor. (Doc. No. 15). On March 16, 2021, Summit filed a written plea of not guilty to the superseding indictment. (Doc. No. 21).

{¶4} On April 8, 2021, Summit withdrew her pleas of not guilty and entered guilty pleas, under a written plea agreement, to Counts One, Three, and Five of the

superseding indictment. (Doc. No. 29). In exchange for her change of pleas, the State agreed to recommend that the trial court impose a sentence of 30 months in prison on Count One, a minimum term of four years in prison to a maximum term of six years in prison on Count Three, and 6 months in prison on Count Five. (Apr. 8, 2021 Tr. at 5, 7). Further, as part of the agreement, the State agreed to recommend that the trial court order the sentences to be served consecutively for an aggregate minimum term of seven years in prison to a maximum term of nine years in prison. The trial court accepted Summit's guilty pleas, found her guilty of Counts One, Three, and Five, and ordered a pre-sentence investigation. (Doc. No. 30).

{¶5} On May 21, 2021, the trial court imposed the joint-sentencing recommendation and dismissed Counts Two and Four. (Doc. No. 37).

{¶6} On June 16, 2021, Summit filed a notice of appeal. (Doc. No. 42). She raises two assignments of error for our review.

### Assignment of Error No. I

**The trial court erred when it accepted the Appellant's guilty plea as that plea was not knowingly, intelligently, and voluntarily given.**

{¶7} In her first assignment of error, Summit argues that her guilty pleas were not made knowingly, intelligently, and voluntarily.[1]

---

[1] To the extent that the State suggests that Summit's argument that her guilty pleas were not made knowingly, intelligently, and voluntarily is not subject to appellate review under R.C. 2953.08(D)(1) since Summit's sentence was jointly recommended and imposed by the trial court, the State's argument is without merit. *Accord State v. Jones*, 3d Dist. Crawford No. 3-19-11, 2020-Ohio-3919, ¶ 6.

*Standard of Review*

**{¶8}** "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'"Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'" *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 10, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *Engle* at 527. Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable

doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *Montgomery* at ¶ 11, citing *Veney* at ¶ 31. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 14-17.

{¶10} "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Id.* at ¶ 12, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

*Analysis*

{¶11} On appeal, Summit argues that her guilty pleas were not knowing, intelligent, or voluntary because the trial court did not comply with the notifications required by Crim.R. 11(C)(2). Since Summit argues only that her guilty pleas were

not knowing, intelligent, or voluntary because the trial court failed to comply with the notifications required by Crim.R. 11(C), we are assuming that Summit is challenging only her guilty pleas to the felony-level offenses. *See* Crim.R. 11(E). *See also State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, paragraph one of the syllabus. Accordingly, we will address only whether her guilty pleas to the aggravated-vehicular-assault and aggravated-vehicular-homicide charges were knowing, intelligent, and voluntary.

{¶12} Based on our review of the record, the trial court complied with the notifications required by Crim.R. 11(C)(2)—that is, the trial court strictly complied with the notifications required by Crim.R. 11(C)(2)(c) and substantially complied with the notifications required by Crim.R. 11(C)(2)(a) and (b) when accepting Summit's guilty pleas for her felony-level offenses.

{¶13} Because Summit informed the trial court that she wanted to plead guilty, the trial court conducted a comprehensive and detailed Crim.R. 11 colloquy during which Summit acknowledged her guilt. Specifically, the record supports that trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) by informing Summit of the nature of the charges, the maximum penalty, and that Summit was ineligible probation or the imposition of community-control sanctions. (Apr. 8, 2021 Tr. at 20-34, 42-45). (Doc. No. 29). *Accord State v. Short*, 3d Dist. Logan No. 8-19-19, 2019-Ohio-3322, ¶ 15.

{¶14} The record further supports that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(b). "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect." *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 7, citing *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, at ¶ 12 and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 10-12. *See also* Crim.R. 11(B). "To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B)." *Id.* at ¶ 8, citing *Jones* at ¶ 25, 51. Specifically, under Crim.R. 11(B), the trial court was required to inform Summit that "[t]he plea of guilty is a complete admission of [her] guilt." Crim.R. 11(B)(1). Here, the trial court informed Summit of the effect of her guilty plea and informed her that it could proceed with judgment and sentence upon acceptance of her plea, which Summit acknowledged in open court. (Apr. 8, 2021 Tr. at 12).

{¶15} Finally, the record supports that the trial court strictly complied with Crim.R. 11(C)(2)(c) during its colloquy with Summit at the change-of-plea hearing. (*Id.* at 13-20). *Accord Short* at ¶ 17. Specifically, Summit advised the trial court that she understood the rights that she was waiving by pleading guilty. (Apr. 8, 2021 Tr. at 13-20). Moreover, Summit did not provide this court with any argument—much less establish—that she was prejudiced by the trial court's

acceptance of her guilty pleas in this case. That is, that she would not have pleaded guilty but for the trial court's alleged errors. *See Montgomery*, 2014-Ohio-1789, at ¶ 13. Consequently, we are not persuaded that the trial court erred by accepting Summit's guilty pleas. *Accord Short* at ¶ 17.

{¶16} For these reasons, Summit's first assignment of error is overruled.

**Assignment of Error No. II**

**The trial court erred when sentencing Appellant as the record does not support the sentencing court's findings, and/or the sentence is contrary to law.**

{¶17} In her second assignment of error, Summit challenges the sentences imposed by the trial court and challenges the trial court's order that she serve the sentences consecutively.[2] Specifically, Summit argues that "consecutive sentences or any sentence greater than the minimums" are unsupported by the record and are contrary to law.

*Standard of Review*

{¶18} R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's

---

[2] Because Summit's arguments relate to only Ohio's felony-sentencing scheme, we are assuming that Summit is challenging only her felony sentences. Accordingly, we will address only the sentences imposed as to her aggravated-vehicular-assault and aggravated-vehicular-homicide convictions.

findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶19} However, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all sentencing provisions." *Underwood* at ¶ 20. "[W]hen a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

{¶20} Here, there is no dispute that that Summit's sentence was jointly recommended by the parties and imposed by the trial court. Moreover, Summit's sentence is authorized by law *and* is not contrary to law.

{¶21} "'[T]rial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9,

citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, aggravated vehicular assault, as a third-degree felony, carries a mandatory sanction of 12-to-60 months in prison and aggravated vehicular homicide as a second-degree felony, carries a mandatory sanction of two-years to eight-years of imprisonment. R.C. 2903.08(B)(1); 2903.06(B)(2)(a), (E)(1); 2929.13(F)(4); 2929.14(A)(2)(b), (3)(a). Because the trial court sentenced Summit to 30 months in prison on Count One and to a minimum term of four years in prison to a maximum term of six years in prison on Count Three, the trial court's sentence falls within the statutory range.

{¶22} Nevertheless, Summit argues that her sentence is not supported by the record because the trial court did not properly weigh the R.C. 2929.12 factors. Likewise, Summit argues that the trial court erred by imposing consecutive sentences without considering whether the record supports the factors under R.C. 2929.14(C). However, because Summit's sentence was jointly recommended by the parties and was followed by the trial court, we need not review Summit's arguments. That is,

> R.C. 2953.08(D)(1) [bars] appeals that would otherwise challenge [a trial] court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), [or] 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances.

*Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at ¶ 22. *See also State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 43 (holding that "a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)" and that "when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)"). Consequently, Summit's sentence is authorized by law and is not contrary to law.

{¶23} Therefore, Summit's second assignment of error is overruled.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**