[Cite as *State v. Houtz*, 2025-Ohio-325.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

  CASE NO. 6-24-11

  v.

DERRICK RAY HOUTZ,

     **O P I N I O N**

     DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20232058

**Judgment Affirmed**

**Date of Decision: February 3, 2025**

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *McKenzie J. Klingler* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Derrick Houtz ("Houtz") brings this appeal from the judgment of the Common Pleas Court of Hardin County finding him guilty of multiple felonies and sentencing him accordingly. On appeal Houtz claims that his no contest pleas were not knowingly, voluntarily and intelligently given. For the reasons set forth below, the judgment is affirmed.

{**¶2**} On March 15, 2023, the Hardin County Grand Jury indicted Houtz on seven counts: 1) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a felony of the second degree; 2) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a felony of the second degree; 3) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a felony of the second degree; 4) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree; 5) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree; 6) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree; and 7) Attempted Tampering with Evidence in violation of R.C. 2923.02, 2921.12(A)(1), (B), a felony of the fourth degree. On June 11, 2024, Houtz and the State entered into a plea agreement. Houtz agreed to enter pleas of no contest to three amended counts: 1) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1),(C)(1)(c), a felony of the third degree; 5)

Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(a), a felony of the fifth degree; and 6) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(a), a felony of the fifth degree. In exchange, the State agreed to dismiss the remaining charges. The trial court held a hearing and accepted the pleas of no contest to the amended charges and found Houtz guilty. The trial court immediately proceeded to sentencing. The parties made a jointly recommended sentence of an aggregate prison term of 59 months. The State and Houtz both asked on the record for the trial court to adopt the recommendation. The trial court imposed the jointly recommended sentence. Houtz appealed from this judgment and raises the following assignment of error on appeal.

**Houtz' plea was not knowingly, voluntarily, and intelligently given.**

{¶3} In the sole assignment of error, Houtz argues that his plea was not knowingly, voluntarily, and intelligently given. Since a no contest plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary. *State v. Dangler*, 2020-Ohio-2765, ¶ 10. If the plea was not a knowing, intelligent, and voluntary one, the enforcement of the plea is unconstitutional. *Id*. When reviewing whether a plea satisfies the constitutional requirements, an appellate court looks to whether the dialogue between the court and the defendant shows that the defendant understood the consequences of his plea. *Id*. at ¶ 12. The procedures that the trial court is expected to follow when accepting

Case No. 6-24-11

a plea is explained in Criminal Rule 11. *Id*. at ¶ 11. The rule requires the trial court to personally inform a defendant of the constitutional guarantees being waived by entering a guilty or no contest plea. *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Specifically, the trial court must warn a defendant that he or she is waiving the right against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). The rule states as follows:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2).

**{¶4}** Houtz argues that the trial court failed to comply with Criminal Rule 11 and that the trial court should not have accepted the plea because Houtz expressly stated that he was not entering the plea voluntarily. Houtz's first argument is that the trial court failed to comply with Criminal Rule 11 because it failed to instruct him of his right to subpoena witnesses. Criminal Rule 11 requires a trial court to personally address a defendant and inform the defendant of the right to have compulsory process for requiring a witness to appear and testify. Crim.R. 11(C)(2)(c). Here, the trial court advised Houtz that he "could call [his] own witnesses and present [his] own evidence." Tr. 15. That is the only time the right to subpoena witnesses was specifically mentioned by the trial court.[1]

**{¶5}** The Supreme Court of Ohio has stated that using the language of Criminal Rule 11(C) is the preferred method of informing a criminal defendant of constitutional rights during a plea colloquy. *State v. Barker*, 2011-Ohio-4130. Despite this preference, a trial court's failure to literally comply with the rule's requirements does not invalidate a plea agreement if the record shows that the trial court explained the defendant's rights in a reasonably intelligible manner. *Id*. at ¶ 14. In *Barker*, the trial court advised the defendant that he had the "right to call witnesses to speak on your behalf." *Id*. at ¶ 16. The Court held that this language "was a reasonably intelligible explanation to the defendant of his constitutional right

---

[1] The State references that Houtz was informed of the waiver in the written plea agreement. The trial court mentioned the form and indicated that the trial court had reviewed the form in the courtroom. This did occur, but the trial court did not mention the right to subpoena witnesses in the review.

to compulsory process and allowed the defendant to make a voluntary and intelligent decision whether to plead no contest." *Id*. at ¶ 20.

**{¶6}** The language used by the trial court in this case was similar to that used in *Barker*. The Supreme Court of Ohio has deemed this language sufficient to satisfy the requirements of Criminal Rule 11. Thus, the trial court did not err in using this language to inform Houtz he was waiving his right "to have compulsory process for obtaining witnesses in the defendant's favor" as set forth in Criminal Rule 11(C)(2)(c).

**{¶7}** Houtz also argues that the trial court should not have accepted his plea after Houtz indicated he was entering the plea because he "really [didn't] have no choice." Tr. 20. A no contest plea, as well as the waiver of rights the plea requires, is voluntary when it is cognitive, deliberate, effected by choice, and is self-willed. *State v. Kemp*, 2004-Ohio-167 (2d Dist.). If the decision to enter the plea is the choice of the defendant, the fact that the choice made is an unwanted result of circumstances a defendant cannot otherwise control does not make the plea involuntary. *Id*. at ¶ 35.

> It has been said that we live in a time when all relationships between people are governed by the market-based rules of barter and exchange. However dismal that generalization may be, it does apply to calculations criminal defendants are required to make when offered a plea bargain. Typically, all the alternatives before them are bad and impose burdens the defendant would rather not endure. However, the fact that a defendant's choice to assume the least onerous of them is an unhappy one does not render that choice involuntary.

*Id* at ¶ 36.

**{¶8}** Here, the trial court addressed Houtz regarding whether he wished to enter the plea after Houtz made his comment about having no choice. The issue arose when the trial court asked Houtz if he was satisfied with the services of his attorney.

The Court: Are you satisfied with the services she's provided to you?

The Defendant: No, sir.

The Court: Pardon?

The Defendant: No, sir.

The Court: Okay.

The Defendant: I don't really have a choice.

The Court: We can go to trial, then, if you're not –

The Defendant: No.

The Court: -- satisfied with the services that she's provided and don't want to go through with the plea.

The Defendant: (Indiscernible)

The Court: We're set for trial and we can go to trial.

The Defendant: I really don't have no choice.

. . .

The Defendant: I mean, I agree to everything, I just – I'm not satisfied with her job.

The Court: Do you want to go through with this plea or not?

The Defendant: Yeah. I don't have no choice.

Tr. 19-20. From the record it appears that Houtz was not indicating that he was coerced into accepting the plea, but rather he was unhappy with the choices that were before him. Just because the choices before Houtz – accept the plea or go to trial – were not ones he liked does not mean that he had no choice or that his choice to enter the plea was not knowingly, intelligently, or voluntarily made. He specifically indicated to the trial court he wished to proceed with entering a no contest plea rather than go to trial. Based upon the record before this court, Houtz voluntarily entered the plea despite not liking the choice. The assignment of error is overruled.

{¶9} Having found no error prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hardin County is affirmed.

*Judgment Affirmed*

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

**/hls**