[Cite as *State v. Wilson*, 2025-Ohio-2296.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 6-24-12

V.

CRYSTAL JONI RENEE WILSON,

    DEFENDANT-APPELLANT.

OPINION AND
JUDGMENT ENTRY

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20242100

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: June 30, 2025

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *McKenzie J. Klingler* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Crystal Joni Renee Wilson ("Wilson"), appeals the August 1, 2024 judgment entry of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{¶2} This case stems from Wilson's conduct in causing physical harm to her mother by means of strangulation. At the time of the incident, Wilson's grandmother was present and she had a protection order in place against Wilson.

{¶3} On May 9, 2024, the Hardin County Grand Jury indicted Wilson on Count One of strangulation in violation of R.C. 2903.18(B)(1), (C)(1), a second-degree felony; Count Two of strangulation in violation of R.C. 2903.18(B)(2), (C)(2), a third-degree felony; Count Three of strangulation in violation of R.C. 2903.18(B)(3), (C)(3), a fourth-degree felony; Count Four of domestic violence in violation of R.C. 2919.25(A)*(1)*, a misdemeanor of the first degree; Count Five of violating a protection order in violation of R.C. 2919.27(A)(1), (B)(4), a third-degree felony; and Count Six of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony.[1] Wilson appeared for arraignment on May 21, 2024, and entered pleas of not guilty.

---

[1] As to Count Four (domestic violence), we note that there is no subsection (1) of R.C. 2919.25(A).

{¶4} On July 5, 2024, Wilson withdrew her pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Counts Three, Four, and Five of the indictment. In exchange for Wilson's guilty pleas, the State agreed to dismiss Counts One, Two, and Six. The trial court conducted a Crim.R. 11 colloquy, accepted Wilson's guilty pleas, found her guilty, and ordered a presentence investigation.

{¶5} On August 1, 2024, the trial court sentenced Wilson to 12 months in prison on Count Three (strangulation), 180 days of local incarceration on Count Four (domestic violence), and 30 months in prison on Count Five (violating a protection order). The trial court ordered that the prison terms and term of local incarceration be served concurrently.

{¶6} On August 15, 2024, Wilson filed a notice of appeal, raising three assignments of error for our review. For ease of discussion, we will consider the first and second assignments of error together.

**First Assignment of Error**

**The trial court erred by not complying with the requirements of Criminal Rule 11 by failing to advise and explain to the Defendant her right [against] self-incrimination thus rendering the plea involuntary, [un]knowing and [un]intelligent which requires that the plea be set aside, and the matter remanded to the trial court.**

**Second Assignment of Error**

**The trial court erred when it failed to comply with the requirements of Criminal Rule 11 by failing to inform the**

-3-

**Defendant and determining that the Defendant understood the effect of the plea, requiring the plea to be set aside and the finding of guilt based upon the plea to be set aside, and the matter remanded to the trial court for further proceedings.**

{¶7} In her first and second assignments of error, Wilson argues that her guilty pleas were not knowing, voluntary, and intelligent.

*Standard of Review*

{¶8} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 2015-Ohio-926, ¶ 9 (3d Dist.). "'"Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'" *State v. Montgomery*, 2014-Ohio-1789, ¶ 10 (3d Dist.), quoting *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶9} In order for a plea to be knowing, voluntary, and intelligent, the trial court must comply with the provisions of Crim.R. 11(C). Specifically, under Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea to a felony offense without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶10} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *Montgomery* at ¶ 11. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. No showing of prejudice is required when the trial court fails to strictly comply with the constitutional notifications of Crim.R. 11(C)(2)(c). *State v. Miller*, 2020-Ohio-1420, ¶ 17.

{¶11} "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Montgomery*, 2014-Ohio-1789, at ¶ 11 (3d Dist.). "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Id.* at ¶ 12, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 20. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a

prejudicial effect. . . . The test is whether the plea would have otherwise been made.'" *Montgomery* at ¶ 12, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

*Analysis*

**{¶12}** Wilson argues that her guilty pleas were not knowing, voluntary, and intelligent because the trial court did not strictly comply with Crim.R. 11(C)(2)(c) and advise her of the "protection against self-incrimination." (Appellant's Brief at 10). Wilson further argues that the trial court failed to inform her and determine that she understood the effect of her guilty pleas as required by Crim.R. 11(C)(2)(b).

**{¶13}** A review of the trial court's Crim.R. 11 colloquy shows that the trial court advised Wilson of the privilege against self-incrimination as follows:

> THE COURT: Okay. Do you understand that you have a right to remain silent?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And if you enter this plea, you're giving up that right.
>
> THE DEFENDANT: Yes, sir.

(July 5, 2024 Tr. at 11). The trial court further advised:

> THE COURT: You have the right to testify on your own behalf. That means you could come up here on the witness stand and tell your side of the story. *Nobody can force you to do that because you've got a right to remain silent, but if you wanted to, you could.* Then the State would get to cross-examine you or otherwise impeach your testimony. Do you understand you're giving that up if you enter this plea?

THE DEFENDANT:  I thought you said I could still be able to talk about my side.

MR. KELLY [Wilson's trial counsel]:  Yes, you will --

THE COURT:   Record should reflect that she's discussing something with counsel at counsel table.

(Emphasis added.) (*Id.* at 14-15).  Following an off-the-record discussion between Wilson and her trial counsel, the Crim.R. 11 colloquy resumed.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  All right.  Now, you just had a long conversation with your attorney.  Did he answer whatever question it was that you had?

THE DEFENDANT:  Yes, he did, Your Honor.

THE COURT:  Are you ready to proceed?

THE DEFENDANT:  Yes, I am, Your Honor.

THE COURT:  Okay, so I was asking you about defending yourself.  We've gone through that you have a right to remain silent but you could also enter -- or take the witness stand, tell your side of the story.  Do you understand that if you enter the plea you're giving up your right to do those things?

THE DEFENDANT:  Yes, I do, Your Honor.

(*Id.* at 15).

**{¶14}** As to the effect of a guilty plea and ascertaining Wilson's understanding of same, the trial court advised Wilson as follows:

THE COURT:  In a little bit I'm going to have [the State] read what's called a statement of facts.  I want you to listen very carefully because if we go forward with the plea, what those -- that statement

-7-

of facts says, you're basically telling me, judge, I did that. Do you understand?

THE DEFENDANT: I do.

THE COURT: And that's the reason we're not going to have a trial, because you will be telling me that you did what these facts say, which is the offenses, so there's no reason for the State to prove anything because you're telling me you did it. Is that what you understood was happening today?

THE DEFENDANT: I do, Your Honor.

(July 5, 2024 Tr. at 16). Before asking the State for a statement of facts, the trial court inquired of Wilson, "Anything I've gone over so far that you don't understand?" Wilson replied, "No, Your Honor." (*Id.* at 22). After the State presented its statement of facts, the trial court asked Wilson if she committed the offenses and she responded, "Yes, Your Honor." (*Id.* at 27).

{¶15} "The Supreme Court of Ohio has stated that using the language of Criminal Rule 11(C) is the preferred method of informing a criminal defendant of constitutional rights during a plea colloquy." *State v. Houtz*, 2025-Ohio-325, ¶ 5 (3d Dist.), citing *State v. Barker*, 2011-Ohio-4130. "Despite this preference, a trial court's failure to literally comply with the rule's requirements does not invalidate a plea agreement if the record shows that the trial court explained the defendant's rights in a reasonably intelligible manner." *Houtz* at ¶ 5, citing *Barker* at ¶ 14. *See also Miller*, 2020-Ohio-1420, at ¶ 19 (holding that a trial court strictly complies with

Crim.R. 11(C)(2)(c) when it advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule).

{¶16} Here, the trial court did not use the phrase "right against self-incrimination" when advising Wilson of her constitutional rights. Instead, the trial court advised Wilson that she had the "right to remain silent" and "[n]obody can force you" to take the witness stand. (July 5, 2024 Tr. at 14). This language mirrors the relevant language of Crim.R. 11(C)(2)(c) that requires a defendant be informed that he or she "cannot be compelled to testify against himself or herself" at trial. Thus, the trial court advised Wilson of her constitutional right against self-incrimination in a reasonably intelligible manner.

{¶17} "'To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B).'" *State v. Summit*, 2021-Ohio-4562, ¶ 14 (3d Dist.), quoting *State v. Jones*, 2014-Ohio-5574, ¶ 8 (2d Dist.). Under Crim.R. 11(B), the trial court must inform the defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1).

{¶18} Here, the trial court informed Wilson of the effect of her guilty pleas when it explained that there would be no trial and "no reason for the State to prove anything because you're telling me you did it." (July 5, 2024 Tr. at 16). Wilson acknowledged her understanding that there would be no trial if she admitted to committing the offenses. Wilson also signed the plea agreement that states, "I admit

that I did what I am charged with doing." (Doc. No. 18). Moreover, even if the trial court did not substantially comply with Crim.R. 11(C)(2)(b) as alleged by Wilson, she has not provided this court with any argument—much less established—that she was prejudiced by the trial court's acceptance of her guilty pleas. *See Montgomery*, 2014-Ohio-1789, at ¶ 12 (3d Dist.).

**{¶19}** Based on the foregoing, we conclude that the trial court strictly complied with Crim.R. 11(C)(2)(c) and advised Wilson of the privilege against self-incrimination prior to accepting her guilty pleas. We further conclude that the trial court substantially complied with Crim.R. 11(C)(2)(b) when it informed Wilson and determined that she understood the effect of her guilty pleas. Therefore, the trial court did not err by accepting Wilson's guilty pleas.

**{¶20}** Wilson's first and second assignments of error are overruled.

### Third Assignment of Error

**The trial court erred by failing to merge the count on strangulation with the domestic violence count as they were based on a single act with a single animus and a single victim thus requiring the charges be merged and the case must be remanded to the trial court with the convictions for strangulation and domestic violence be set aside and the matter remanded to the trial court for further proceedings.**

**{¶21}** In her third assignment of error, Wilson argues that the trial court committed plain error by failing to merge her convictions for strangulation and domestic violence as allied offenses of similar import under R.C. 2941.25.

Specifically, Wilson argues that "[b]oth of those charges were directed at the same person by the same act of [Wilson]." (Appellant's Brief at 13).

*Standard of Review*

**{¶22}** "We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25." *State v. Bailey*, 2022-Ohio-4407, ¶ 6. If, however, a defendant fails to preserve the issue of merger at the time of sentencing, we review the issue for plain error. *Bailey* at ¶ 7.

**{¶23}** Ohio's allied-offenses statute, R.C. 2941.25, specifies when a defendant may be convicted of multiple counts under the same indictment. The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25.

**{¶24}** To determine whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, we ask: "'"(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?"'" *Bailey* at ¶ 10, quoting *State v.*

*Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. An affirmative answer to any of these questions permits separate convictions. *Bailey* at ¶ 10.

*Analysis*

**{¶25}** The State concedes that the trial court erred by failing to merge Wilson's convictions for strangulation and domestic violence since her conduct "arose out of a single act with a single animus, and with a single victim." (Appellee's Brief at 16). The State further concedes that the trial court did not address the issue of merger at the change-of-plea hearing or at sentencing, and the August 1, 2024 judgment entry of sentence inaccurately states that the parties stipulated that none of the charges are allied offenses of similar import. Finally, the State acknowledges that the imposition of concurrent sentences on Counts Three and Four is not the equivalent of merging allied offenses of similar import. *State v. Morrissey*, 2021-Ohio-4471, ¶ 34 (3d Dist.).

**{¶26}** Following our review of the record, we conclude that the strangulation and domestic violence offenses of which Wilson was convicted were allied offenses of similar import. Consequently, the trial court erred by not merging Counts Three and Four for purposes of sentencing.

**{¶27}** Accordingly, Wilson's third assignment of error is sustained.

**{¶28}** Having found error prejudicial to the appellant herein in the particulars assigned and argued in the third assignment of error, we vacate the August 1, 2024

judgment entry of sentencing issued by the Hardin County Court of Common Pleas with respect to its failure to merge Counts Three and Four, and we remand this cause for further proceedings consistent with our disposition of the third assignment of error. In all other respects, the trial court's judgment is affirmed.

***Judgment Affirmed in Part,
Reversed in Part and
Cause Remanded***

**MILLER and WILLAMOWSKI, J.J., concur.**

Case No. 6-24-12

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the trial court is affirmed in part and reversed in part with costs assessed equally between Appellant and Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

William R. Zimmerman, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/hls

-14-